Filed 3/1/22 P. v. Saeteurn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092736 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F00640) |
| v. | |
| CHAN SAETEURN, | |
| Defendant and Appellant. | |

Defendant Chan Saeteurn appeals the trial court's denial of the Department of Corrections and Rehabilitation's (CDCR) recommendation under Penal Code[1] section 1170, subdivision (d)(1) (section 1170(d)(1)), that the trial court consider recalling defendant's sentence and resentencing him due to his rehabilitative efforts in prison. He contends the trial court violated his right to due process by declining to recall defendant's

---

[1] Undesignated statutory references are to the Penal Code.

1

sentence without providing notice and a hearing. After the parties submitted briefing, defendant was released from CDCR custody, and the Governor signed Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assem. Bill No. 1540) into law. (Stats. 2021, ch. 719 §§ 1-7). We requested supplemental briefing on the effect, if any, of these changed circumstances on this appeal. Defendant now asserts that his release from incarceration and the passage of Assem. Bill No. 1540 "mooted [his] previously requested relief," but asks that we nonetheless issue an opinion rejecting the People's now-abandoned argument that defendant's stipulated sentence bars him from resentencing. The People, however, concede that defendant is entitled to reversal and a resentencing hearing consistent with the provisions of Assem. Bill No. 1540. They further maintain that defendant's current parole status has no effect on this appeal. We agree with the People. Because the measure has taken effect before this case is final, and because we are not persuaded that defendant's request for relief is moot, we reverse and remand for reconsideration of the request.

I

BACKGROUND[2]

In March 2005, defendant pleaded no contest to second degree murder and personal discharge of a firearm. He received a stipulated sentence of 25 years to life. In 2007, we affirmed his conviction on appeal. (*People v. Saeteurn, supra*, C050213.)

On September 20, 2019, CDCR sent Sacramento County Superior Court a letter under section 1170(d)(1) recommending the trial court consider recalling defendant's commitment and sentence for his 2005 convictions and resentence him based on his postconviction behavior and rehabilitative efforts. Attached to the letter were a

---

[2] The substantive facts underlying this conviction are not necessary to our resolution of this case on appeal and are therefore not recounted here. They can be found in our earlier nonpublished opinion, *People v. Saeteurn* (June 29, 2007, C050213).

cumulative case summary and evaluation report that detailed defendant's current commitment offenses, his juvenile criminal history, his institutional adjustment, including rules violations and laudatory chronological reports, extensive work history while incarcerated, completed training, volunteer, substance abuse, and education programs, self-help activities, and familial support. The evaluation report noted defendant had received three rules violation reports, the most recent in 2012, and one custodial counseling chrono in 2008. These were his only negative reports. Otherwise, defendant had no pending disciplinary actions and was not associated with any security threat group. He was reported to be consistently employed; voluntarily assigned to a number of rehabilitation programs; received multiple laudatory chronological reports commending defendant's hard work and compassionate, courteous behavior, and numerous training certificates; was actively participating in multiple forms of self-help; and had completed numerous courses of continuing education. Defendant had 37 family members, friends, and associates approved for visits and had received 253 visits.

On December 23, 2019, the trial court issued a minute order simply stating, "The request for resentencing is DENIED." Defendant timely appealed. Thereafter, defendant notified this court that he was granted parole and released from CDCR custody on October 15, 2021.

DISCUSSION

While this appeal was pending, the Governor signed Assem. Bill No. 1540, which, effective January 1, 2022, moves the resentencing and recall provisions of section 1170 (d)(1) to new section 1170.03 (Stats. 2021, ch. 719 §§ 1-7). We requested supplemental briefing on the effect of this new legislation, as well as the effect of defendant's release from custody, on this appeal. The People correctly concede this matter must be remanded to allow the trial court to reconsider the request after the new law takes effect.

Initially, we note, in its findings and declarations, the Legislature explicitly indicated its intent that these resentencing proceedings, "apply ameliorative laws passed

3

by this body that reduce sentences or provide for judicial discretion, regardless of the date of the offense or conviction." (Assem. Bill No. 1540, Stats. 2021, ch. 719, § 1, subd. (i); *People v. Pillsbury* (2021) 69 Cal.App.5th 776, 788 ["[W]hen the Secretary recommends recall and resentencing under section 1170 (d)(1), trial courts have the authority to resentence defendants at any time based on an ameliorative change in the law giving courts discretion to strike or dismiss enhancements under section 1385, subdivision (a), even after the defendant's judgment is final and even when the original sentence was the product of a plea agreement."].)

Section 1170.03 adds a number of requirements to the recall and resentencing process, including notice, appointment of counsel, a hearing, and a statement of reasons for the ruling on the record. (Assem. Bill No. 1540, Stats. 2021, ch. 719, § 3.1, subd. (a)(6), (7), & (8).) The new statute also provides that where, as here, the recall and resentencing recommendation is made by the CDCR, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (Assem. Bill No. 1540, Stats. 2021, ch. 719, § 3.1, subd. (b)(2).) Here, the trial court's summary denial of CDCR's recommendation for recall and resentencing did not comply with these statutory requirements.

Because the judgment as to the CDCR's recall and resentencing petition will not be final until after the new section 1170.03 takes effect, we remand the matter to the trial court for further proceedings. (*People v. Cepeda* (2021) 70 Cal.App.5th 456, 471-472.) In doing so, we reject defendant's concession, made without any analysis, that his release from custody and the passage of Assem. Bill No. 1540 mooted his request for relief.[3]

---

[3] We note that although defendant asserted his requested relief was moot in his supplemental brief, he did not dismiss this appeal. Further, at oral argument, defendant

4

(See *R.J. Land & Associates Construction Co. v. Kiewit–Shea* (1999) 69 Cal.App.4th 416, 427, fn. 4 [reviewing court has discretion to reject a party's concession regarding statutory interpretation and applicability].) Section 1170.03, subdivision (a)(1) provides that a defendant may be resentenced under the statute "whether or not the defendant is still in custody." Thus, defendant's release from custody does not render him ineligible for resentencing. Further, as the inclusion of this statutory language indicates, we cannot definitively conclude that defendant would be unable to obtain *any* benefit from recall and resentencing simply because he is no longer in custody. Accordingly, we find that defendant is entitled to the relief articulated in this opinion. In so finding, we express no opinion on the merits of CDCR's resentencing recommendation.[4]

---

appeared to retract this concession, arguing instead that he is entitled to remand and resentencing under Assem. Bill No. 1540.

[4] We reject defendant's request in his supplemental brief that we, without granting any defendant any relief, instead issue an advisory opinion "rejecting [the People's] argument that stipulated agreements be excluded from the ambit of Penal Code 1170(d)(1)'s resentencing provisions." We similarly reject defendant's request, made at oral argument, that we issue an advisory opinion concluding that prior to the passage of Assem. Bill No. 1540, defendant had a due process right to notice and to present evidence. We do not adjudicate hypothetical claims or issue advisory opinions. (*People v. Slayton* (2001) 26 Cal.4th 1076, 1084.) Moreover, although we have exercised our discretion to address the substance of defendant's appeal despite his claim of mootness, the People withdrew this argument in their supplemental brief, acknowledging that defendant has been released from custody and thus, "[f]or all intents and purposes," has already served his sentence.

## DISPOSITION

The December 23, 2020 order declining to recall defendant's sentence is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

_____\s\_____,
BLEASE, Acting P. J.

We concur:

_____\s\_____,
HULL. J.

_____\s\_____,
KRAUSE, J.

6