Filed 1/22/24  Friends of Westwanda Drive v. City of Los Angeles CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| FRIENDS OF WESTWANDA DRIVE, | B314932 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCP04113) |
| v. | |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent; | |
| KARLA SHAHIN et al., | |
| Real Parties in Interest and Appellants. | |

APPEALS from a judgment of the Superior Court of Los Angeles County.  Mitchell L. Beckloff, Judge.  Affirmed.

Channel Law Group, Jamie T. Hall and Julian K. Quattlebaum for Plaintiff and Appellant.

Luna & Glushon and Kristina Kropp for Real Parties in Interest and Appellants.

Hydee Felstein Soto, City Attorney, Timothy McWilliams, Managing City Attorney, and Steven G. Martin, Deputy City Attorney for Defendant and Respondent.

—————————————————————

Friends of Westwanda Drive (Friends), an unincorporated association, sought to set aside a determination by the City of Los Angeles (City) that a tree-removal permit and proposed construction of a home (Project) were exempt from environmental review under the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.). The trial court denied the writ petition, concluding, in part, the action is moot. We affirm the decision, concluding the case is moot.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Facts

Karla Shahin owns a lot on the corner of Westwanda Drive and Stovell Lane in Benedict Canyon. The lot is surrounded by existing single-family homes in a hillside residential development. Real parties in interest Shahin and her husband, Armen Melkonians, (collectively real parties) planned to build a two-story single-family home with a footprint of 1,500 square feet (the Project) on the lot.

As relevant here, the Project required the removal of three City-protected Coast Live Oak trees and six "remnant" California Black Walnut tree stumps.[1] The Project was designed to accommodate the four remaining Coast Live Oak trees on the lot.

_____

[1] California Black Walnut trees are also protected, but not as stumps. (L.A. Mun. Code, § 46.01.) Apparently, the prior owner of the lot had the trees cut down because they had died or were in poor condition due to the draught.

2

On September 26, 2017, Shahin applied to the Bureau of Street Services (BSS) for a tree-removal permit and included an arborist's report as required by the City's Protected Tree Ordinance. BSS recommended the tree-removal permit be approved, the Project be found exempt from CEQA environmental review, and 12 replacement trees be planted pursuant to the ordinance.

On March 7, 2018, the Board of Public Works held a hearing to consider the tree-removal permit. Two speakers opposed removing the protected trees, arguing that doing so would harm the Benedict Canyon ecosystem and a wildlife corridor in the area. They claimed "dozens" of residents were against the tree-removal.

During the hearing, the Board of Public Works discussed how the Project was to be constructed to avoid harming the remaining and replacement protected trees and to minimize any negative impacts on the environment caused by removing the trees. When the hearing concluded, the Board of Public Works voted to approve Shahin's permit application and found the Project was exempt under CEQA. Issuance of the permit was conditioned on the planting of replacement trees. On March 14, 2018, BSS issued the tree-removal permit. On March 15, 2018, the three trees and six stumps were removed.

## II.     Administrative Appeals

On August 31, 2018, Friends appealed the Board of Public Works's decision. BSS submitted a report recommending the appeal be denied.

The appeal was forwarded to the City Council's Public Works and Gang Reduction Committee. Following an August 7,

3

2019 hearing, the appeal was then forwarded to the City Council without recommendation.

On August 20, 2019, the City Council heard and denied the appeal.  The same day, the City filed a Notice of Exemption (NOE) with the recorder's office of Los Angeles County.  As pertinent here, the NOE stated the Project was approved and included the removal of three protected trees and six tree stumps with the planting of replacement trees pursuant to the Protected Tree Ordinance.  The NOE also stated the Project qualified for construction under CEQA categorical exemptions and no CEQA exceptions applied.

## III.   Writ Proceedings

Friends sought a writ of mandate compelling the City to vacate and set aside the tree-removal permit, among others, and to prepare and certify a legally adequate environmental review under CEQA for the project.

The petition pleaded traditional mandamus (Code Civ. Proc., § 1085) and, in the alternative, administrative mandamus (*id.*, § 1094.5).

The trial court clearly viewed the petition as seeking administrative mandamus, given that Friends had pursued an administrative appeal before the City Council and the court had an administrative record before it.  (See *Stanford Vina Ranch Irrigation Co. v. State of California* (2020) 50 Cal.App.5th 976, 995–996.)

Following a lengthy hearing, the trial court denied the writ petition on April 23, 2021.  In its written ruling, the court concluded the Project fell into one but not both category exemptions found by the City and there were no applicable exceptions. The court also concluded the entire action was

4

moot; the trees had been removed.  On June 21, 2021, the trial court entered judgment for the City.  This appeal followed on August 19, 2021.

## DISCUSSION

### I.    Timeliness of the Appeal

We reject the City's threshold contention Friends's appeal must be dismissed as untimely.  Relying on *Meinhardt v. City of Sunnyvale* (2022) 76 Cal.App.5th 43, review granted June 15, 2022, S274147 (*Meinhardt*), and cases cited therein, the City argues Friends failed to file the notice of appeal within the requisite 60 days after service of the trial court's April 23, 2021 order denying the petition.  (See Cal. Rules of Court, rule 8.104(a)(1)(B).)

The appellate court in *Meinhardt*, *supra,* 76 Cal.App.5th 43, review granted, held when "a court has entered a ruling on a writ petition that constitutes a final judgment, any party seeking appellate review of that ruling must timely appeal from *that* final judgment—and the time to file a notice of appeal is not restarted by the trial court's subsequent entry of a document styled as a 'judgment' that merely reiterates the prior final judgment."  (*Id.* at p. 50.)  Here, by contrast, the trial court's order of April 23, 2021 was not a final judgment.  Instead, the court ordered the City to prepare and serve a judgment, and also allowed Friends 10 days in which to object and prepare an alternative form of judgment for the court's consideration.  The time for Friends to appeal began running when the court entered its final judgment on June 21, 2021.  Friends timely filed a notice of appeal on August 19, 2021, 59 days from the entry of judgment.

5

## II.    CEQA Overview

CEQA "establishes a comprehensive scheme to provide long-term protection to the environment.  It prescribes review procedures a public agency must follow before approving or carrying out certain projects." (*Berkeley Hillside Preservation v. City of Berkeley* (2015) 60 Cal.4th 1086, 1092.)  "Under CEQA and its implementing guidelines, an agency generally conducts an initial study to determine 'if the project may have a significant effect on the environment.' " (*Friends of College of San Mateo Gardens v. San Mateo County Community College Dist.* (2016) 1 Cal.5th 937, 945.)  "If there is substantial evidence that the project may have a significant effect on the environment," then the agency must generate an environmental impact report (EIR) prior to approving the project.  (*Ibid.*)

"For policy reasons, the Legislature has expressly exempted several categories of projects from review under CEQA. [Citation.]  By statute, the Legislature has also directed the Secretary of the Natural Resources Agency . . . to establish 'a list of classes of projects that have been determined not to have a significant effect on the environment and that shall be exempt from' CEQA." (*Berkeley Hillside Preservation v. City of Berkeley, supra,* 60 Cal.4th at p. 1092.)  There are 33 categorical exemptions.  (Cal. Code Regs., tit. 14, §§ 15300–15333.[2])  Among them is the Class 3 exemption for small structures (Guidelines, § 15303) and the Class 32 exemption for infill development

_____

[2] Sections 15000 et seq. of title 14 of the California Code of Regulations are the implementing administrative regulations, and are referred to as "Guidelines."  (See *Muzzy Ranch Co. v. Solano County Airport Land Use Com.* (2007) 41 Cal.4th 372, 380, fn. 2.)

projects (Guidelines, § 15332). The City decided the Project fell into both categorical exemptions, thereby obviating the need for an EIR. (*Arcadians for Environmental Preservation v. City of Arcadia* (2023) 88 Cal.App.5th 418, 429 ["If an exemption applies, the project is excused from environmental review"].)

Categorical exemptions, however, can be subject to certain exceptions. If an exception applies, the exemption is foreclosed, and an EIR is necessary. (*Arcadians for Environmental Preservation v. City of Arcadia, supra,* 88 Cal.App.5th at p. 436; Guidelines, § 15300.2.)

Before the City Council and the trial court, Friends maintained, in part, that based on the Project's "location" and/or "unusual circumstances" the Class 3 and Class 32 category exemptions were unavailable, thereby requiring an EIR. (See Guidelines, § 15300.2, subds. (a) [location exception] & (c) [unusual circumstances exception].[3]) In a nutshell, Friends's

---

[3] The "location exception" provides: "Location. Classes 3, 4, 5, 6, and 11 are qualified by consideration of where the project is to be located—a project that is ordinarily insignificant in its impact on the environment may in a particularly sensitive environment be significant. Therefore, these classes are considered to apply in all instances, except where the project may impact on an environmental resource of hazardous or critical concern where designated, precisely mapped, and officially adopted pursuant to law by federal, state, or local agencies." The "unusual circumstances exception" provides: "Significant Effect. A categorical exemption shall not be used for an activity where there is a reasonable possibility that the activity will have a significant effect on the environment due to unusual circumstances." (Guidelines, § 15300.2, subds. (a) & (c), respectively.)

7

theory was removing the protected trees not only damages the trees, but also destroys the habitat (the Coast Live Oak-California Black Walnut woodland) created by having trees on the lot, which, in turn, diminishes the number of wildlife species depending on the woodland for survival.

## III.   Mootness

Generally, courts do not issue advisory opinions based on hypothetical facts or controversies that are merely academic. (*People v. Slayton* (2001) 26 Cal.4th 1076, 1084; *Sweeney v. California Regional Water Quality Control Bd.* (2021) 61 Cal.App.5th 1093, 1135.)  A case " 'should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief.' "  (*Santa Monica Baykeeper v. City of Malibu* (2011) 193 Cal.App.4th 1538, 1547.)  This rule has been applied to CEQA challenges. (*Woodward Park Homeowners Assn. v. Garreks, Inc.* (2000) 77 Cal.App.4th 880, 888; *Parkford Owners for a Better Community v. County of Placer* (2020) 54 Cal.App.5th 714, 722–723 [writ petition].)

Relying on our decision in *Hixon v. County of Los Angeles* (1974) 38 Cal.App.3d 370 (*Hixon*) the trial court concluded the "entire action is moot."  In *Hixon,* county residents petitioned for a writ of mandate to compel the county to obtain an EIR for street-widening projects that involved the removal of numerous roadside trees and the replacement of new, younger trees.  (*Id.* at pp. 373, 376.)  The trial court declined to order an EIR because the trees had already been removed and replaced and "no public benefit would be gained by requiring an EIR."  (*Id.* at p. 377.)  We agreed, explaining:  "The project is ended, the trees are cut down and the subject is now moot insofar as resort to a planning or

8

informational document, which is what an EIR is." (*Id*. at p. 378.)

Here, the trial court properly concluded the case is moot. Just as in *Hixon*, the court is unable to grant Friends any effective relief. Friends's administrative appeal requested the City Council to "revoke and set-aside the approval of the tree removal permit." Friends's writ petition commanded the City to "[v]acate and set aside approvals of the Project, including but not limited to, the Tree-Removal Permit for the Project." The petition also sought an injunction "prohibiting any actions by [the City] until [the City] has complied with all applicable state, federal and local laws and requirements of CEQA."

Whether preserving the trees (and their woodland) on the lot qualified as an exception has long been rendered moot by the permitted removal of the trees five months before the Board of Public Works's decision was appealed. We cannot turn back the clock and restore those trees and their woodland.

Friends resist this conclusion by arguing that reversing the City's decision would allow: (1) the California Black Walnut stumps to be replanted either elsewhere or on the Project's lot; (2) similar woodland to be preserved in another location, or (3) the Project to be altered—by bird-safe glass, no night lighting, and changed fencing—or eliminated entirely so the trees could be replaced and the woodland restored.

We are not persuaded. That a ruling by this court could provide effective relief because preparation of an EIR might possibly result in Project modifications or other mitigation measures is wholly speculative. Further, the record shows the Project was substantially finished at the time of the writ proceedings in April 2021. At this late date, preparation of an

9

EIR would not serve any meaningful purpose. Finally, it is unclear how mitigation measures undertaken off the lot would redress any purported environmental losses that occurred on the lot, which is the relief Friends has sought.

There are three discretionary exceptions to the rules regarding mootness: (1) when the case presents an issue of broad public interest that is likely to recur; (2) when there might be a recurrence of the controversy between the parties; and (3) when material questions remain. (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479–480.) None of these exceptions apply. No issues of broad public importance are implicated. As the trial court noted, Friends's claim that the dispute was whether proposed homes in the Santa Monica Mountains zone, and particularly within designated habitat blocks, can bypass environmental review is both an overstatement and a misstatement. The issue here was limited to a single-family residence at a specific location in the Santa Monica zone. Because the subject trees are gone, a recurrence of a dispute over the tree-removal permit is unlikely. For the same reason, no material questions of significant import remain. For these reasons, we agree with the trial court that any opinions in this case would be purely advisory.

CEQA was not designed to require generation of meaningless paperwork (*Bozung v. Local Agency Formation Com.* (1975) 13 Cal.3d 263, 283), and it would not be reasonable to interpret the statute as compelling preparation of an EIR that would be a pointless waste of Californians' limited tax dollars. Thus, we affirm the trial court's decision that the case is moot.

Because we affirm the judgment on the ground of mootness, we do not reach the issues whether exceptions barred both the Class 3 and Class 32 category exemptions in this case.[4]

---

[4] Real parties do not join in the City's arguments on appeal that the City Council properly rejected Friends's challenge to the City's reliance on the Class 32 category exemption. Instead, they have filed an opening brief as "cross-appellants" to advance essentially the same arguments as the City. We note the core of these arguments—whether Los Angeles Municipal Code section 12.21.C.10(i)(3) supported the City's issuance of building and grading permits—is the subject of the related appeal, *Friends of Westwanda Drive v. City of Los Angeles* (Jan. 22, 2024, B321479) [nonpub. opn.].

## DISPOSITION

The judgment that the entire action is moot is affirmed. The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

CHAVEZ, J.

HOFFSTADT, J.