Filed 10/16/24  P. v. Smith CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALONZO LERON SMITH,<br><br>    Defendant and Appellant. | G063591<br><br>(Super. Ct. No. FSB18000008)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of San Bernardino County, Steve Malone, Judge. Reversed and remanded.

Matthew A. Siroka, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

In 2018, defendant Alonzo Smith pleaded no contest to one count of voluntary manslaughter (Pen. Code, § 192, subd. (a)),[1] three counts of aggravated assault (§ 245, subd. (a)(4)), and one count of criminal threats (§ 422.) He also admitted one prison prior under section 667.5, subdivision (b). Per the plea agreement, the court sentenced defendant to 10 years in state prison as follows: (1) six years for the voluntary manslaughter; (2) one year for each of the aggravated assaults; and (3) one year for the prior prison term.

In September 2022, defendant filed a petition for writ of habeas corpus in the superior court requesting relief under section 1172.75 and other sentencing reform statutes. The habeas court denied the petition but directed the court clerk to place the matter on calendar for resentencing. At the subsequent resentencing hearing in September 2023, the trial court held it lacked jurisdiction to resentence defendant. Defendant appeals from that order.

Defendant raises three arguments on appeal. First, he contends the court had jurisdiction to strike the one-year sentence enhancement for his prior prison term because the habeas court placed the matter on calendar for resentencing. Second, he argues he was entitled to request full resentencing. Finally, assuming a full resentencing were to occur, defendant claims the prosecution cannot withdraw from the plea agreement.

We agree the trial court had jurisdiction to strike the one-year sentence enhancement but for reasons different from those articulated by defendant. The court had jurisdiction because the California Department of Corrections and Rehabilitation (CDCR) identified defendant as eligible for

_____

[1] All further statutory references are to the Penal Code.

relief under section 1172.75 before the resentencing hearing. This triggered the court's resentencing obligations under section 1172.75, subdivision (c). We also agree remand for the possibility of a full resentencing hearing is warranted. But we need not address whether the prosecution can withdraw from the plea agreement because any opinion at this stage would be advisory. We accordingly remand for further proceedings consistent with section 1172.75 and this opinion.

## STATEMENT OF FACTS

As noted *ante*, the court sentenced defendant to 10 years in state prison pursuant to the parties' plea agreement in 2019. The sentence included one year for a prior prison term.

In 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483), which added section 1171.1 (later renumbered to 1172.75) to the Penal Code. Under section 1172.75, one-year sentence enhancements for prison priors are "legally invalid" unless the enhancement was imposed for certain sexually violent offenses. (§ 1172.75, subd. (a).) The statute also details a specific recall and resentencing procedure that begins with corrections officials. (§ 1172.75, subd. (b)-(c).)

In September 2022, defendant filed a petition for writ of habeas corpus in the superior court requesting relief under various sentencing reform statutes, including Senate Bill 483.[2] In October 2022, the habeas court denied the petition and found most of the sentencing reform statutes did not apply to defendant. As to Senate Bill 483, the court explained habeas corpus relief was not available to a defendant with invalid prison priors because the Legislature established a specific recall and resentencing

---

[2] Defendant's petition for writ of habeas corpus is not part of the record on appeal.

3

procedure. The court emphasized: "Inmates must wait and allow the process approved in section 1172.75 . . . to proceed, and may not circumvent that procedure by seeking habeas relief." But the court directed the court clerk to place defendant's case on calendar for resentencing "in the interest of judicial economy."

On November 1, 2022, the trial court received a list from the CDCR that listed defendant as eligible for relief under section 1172.75.[3]

The parties later filed sentencing briefs and agreed resentencing was appropriate but disagreed as to what the new sentence should be. Defendant argued the court should resentence him to a mitigated term under section 1170, subdivision (b)(6) and provided a psychological report in support. The prosecutor objected to a mitigated term due to aggravating factors and requested the court resentence defendant to 9 years and 8 months in state prison.

At the subsequent resentencing hearing in September 2023, defendant's counsel stated: "I think it's quite clear that [defendant] . . . is entitled to a full resentencing. We did take care of his one-year prison prior as appropriate, but that was never addressed as to whether or not it was appropriate to impose a mitigated term." The trial court ultimately held that it lacked jurisdiction to modify defendant's sentence. According to the court, it lacked jurisdiction because: (1) there were no sentencing enhancements at play; and (2) section 1170.6 sets forth factors for a trial court to consider at sentencing after a jury trial but not when sentencing is pursuant to a plea

---

[3] On our own motion, we augment the record to include the superior court's docket, which reflects the November 1, 2022 date when the trial court received the resentencing list from the CDCR.

agreement.[4] The court did not make any specific findings regarding Senate Bill 483 or the one-year sentence imposed for defendant's prior prison term.

Defendant filed a timely notice of appeal.

DISCUSSION

Relying on section 1172.75, defendant contends the court erred by failing to strike the one-year sentence enhancement for his prior prison term. He claims the court had jurisdiction to resentence him because the habeas court exercised its inherent power to place the matter on calendar for resentencing. Defendant further argues he is entitled to full resentencing and the prosecution cannot withdraw from the plea agreement.

For the reasons below, we agree the trial court had jurisdiction because the CDCR identified defendant as eligible for relief under section 1172.75 before the resentencing hearing. On remand, defendant is entitled to a full resentencing, but we need not address whether the prosecution can withdraw from the plea agreement at this juncture.

I.

APPLICABLE LAW AND STANDARD OF REVIEW

Before January 1, 2020, trial courts were required to "impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.) "Effective January 1, 2020, Senate Bill 136 (Stats. 2019, ch. 590) . . . amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements

---

[4] Although the trial court referred to section 1170.6, it appears the trial court may have intended to refer to section 1170, subdivision (b)(6).

5

based on prior prison terms served for other offenses became legally invalid." (*Id.* at p. 380.)

In 2021, the Legislature enacted Senate Bill 483, which made the changes implemented by Senate Bill No. 136 (2019-2020 Reg. Sess.) retroactive. (*People v. Burgess*, *supra*, 86 Cal.App.5th at p. 380.) Senate Bill 483 also added section 1171.1 (later renumbered to 1172.75). Section 1172.75, subdivision (a) states: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid. (§ 1172.75, subd. (a).)

As pertinent here, section 1172.75, subdivision (b) establishes the following resentencing procedure: "The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) The above information "shall be provided" to the court by: (1) "March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement"; and (2) "July 1, 2022, for all other individuals." (§ 1172.75, subd. (b)(1)-(2).)

The trial court's receipt of the above information triggers its review: "Upon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in

6

subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) The trial court's review and resentencing "shall be completed" by: (1) "October 1, 2022, for individuals who have served their base term and any other enhancement and are currently serving a sentence based on the enhancement"; and (2) "December 31, 2023, for all other individuals." (§ 1172.75, subd. (c)(1)-(2).)

Thus, once the CDCR provides the identification to the trial court, section 1172.75, subdivision (c) establishes "a statutorily authorized exception to the general rule that a trial court has no jurisdiction to modify a final judgment." (*People v. Cota* (2023) 97 Cal.App.5th 318, 332.) "Absent factual or evidentiary disputes, our review for subject matter jurisdiction is de novo." (*Id.* at p. 329.)

## II.

### JURISDICTION TO RECALL DEFENDANT'S SENTENCE

Here, the parties disagree as to whether the trial court had jurisdiction to resentence defendant. The People contend section 1172.75 does not authorize a defendant to seek resentencing on his or her own petition. The People accordingly claim the habeas court "should have denied relief and stopped there." Defendant argues his case is different because the habeas court exercised its inherent power to place the matter on calendar for resentencing. We need not rely on defendant's petition for writ of habeas corpus or the actions of the habeas court. The trial court had jurisdiction because it received information from the CDCR indicating defendant was eligible for relief on November 1, 2022—10 months before the resentencing hearing. (§ 1172.75, subd. (b).) Indeed, after receiving this information, the court was required to "review the judgment and verify that the current judgment include[d] a sentencing enhancement described in [section 1172.75,

7

subdivision (a)]." (§ 1172.75, subd. (c).) If the court determined there was such an enhancement, the court was required to "recall the sentence and resentence . . . defendant." (*Ibid.*) The court had to complete this process by December 31, 2023, which has now passed. (§ 1172.75, subd. (c)(1)-(2).)

Based on our review of the record, it is not clear if the trial court ever reached a decision on the one-year prison prior term. At the resentencing hearing, defendant's counsel asked the court to consider the propriety of a mitigated term and alluded to the prior having been stricken: "We did take care of his one-year prison prior as appropriate." Despite this statement, the record does not indicate when or how the issue was addressed, and there is no amended abstract of judgment reflecting the new sentence. We accordingly remand the matter with instructions to the court to conduct further proceedings consistent with section 1172.75, subdivision (c).

III.

DEFENDANT'S ENTITLEMENT TO A FULL RESENTENCING

Defendant next argues he is entitled to a full resentencing. We agree remand for further proceedings, including the possibility of a full resentencing hearing, is warranted.

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; see *People v. Carter* (2023) 97 Cal.App.5th 960, 968 (*Carter*) [finding the defendant who was originally sentenced pursuant to a plea agreement was entitled to a full resentencing under section 1172.75].) The statute provides the following instructions for resentencing: (1) "[r]esentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that

8

imposing a lesser sentence would endanger public safety"; (2) "[t]he court shall apply the sentencing rules of the Judicial Council and . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing"; (3) "[t]he court may consider postconviction factors"; (4) "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation"; and (5) "[t]he court shall appoint counsel." (§ 1172.75, subd. (d)(1)-(5).)

We accordingly remand the matter to the trial court for the possibility of a full resentencing. But we express no views as to whether defendant is entitled to any other ameliorative changes in the law.

IV.

WITHDRAWAL FROM THE PLEA AGREEMENT

Defendant finally contends a full resentencing should not permit the prosecution to withdraw from the plea agreement. California appellate courts are divided on whether the prosecution may withdraw from a plea agreement when other ameliorative changes in the law are applied to reduce a defendant's sentence. (*People v. Coddington* (2023) 96 Cal.App.5th 562, 565-568 [holding the prosecution can withdraw from the plea agreement if the trial court reduces the defendant's sentence beyond striking the one-year prison prior enhancement]; but see *Carter*, *supra*, 97 Cal.App.5th at p. 972 [concluding the prosecution is not entitled to withdraw from the plea agreement]; *People v. Montgomery* (2024) 100 Cal.App.5th 768, 774, review granted May 29, 2024, S284662 [agreeing with *Carter's* conclusion].)

Indeed, another panel of this court has held the prosecution cannot withdraw from a plea agreement because of a trial court order striking a great bodily injury enhancement allegation. (*People v. Hernandez*

9

(2024) 103 Cal.App.5th 981, 986, review granted Oct. 2, 2024, S286527.) Because of the procedural posture of this case, however, the prosecution has not yet taken a position on whether it will seek to withdraw from the plea agreement. As such, we need not decide this issue at this time. (*People v. Slayton* (2001) 26 Cal.4th 1076, 1084 ["As a general rule, we do not issue advisory opinions indicating "'what the law would be upon a hypothetical state of facts""].)

DISPOSITION

The order is reversed. The matter is remanded to the trial court for a full resentencing hearing consistent with section 1172.75 and this opinion. Upon conclusion of the new sentencing hearing, the court is instructed to prepare an amended abstract of judgment and to forward a certified copy to the CDCR.

SANCHEZ, ACTING P. J.

WE CONCUR:

DELANEY, J.

GOODING, J.