Filed 11/18/24  P. v. Madrigal CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO MADRIGAL,<br><br>    Defendant and Appellant. | 2d Crim. No. B333969<br>(Super. Ct. No. 2013023115)<br>(Ventura County) |

Antonio Madrigal appeals after the trial court denied his petition for resentencing under Penal Code section 1172.75.[1]  He contends the trial court erred in concluding he was ineligible for relief.  We agree.  We will reverse and remand with direction for the trial court to strike the section 667.5, subdivision (b) (§ 667.5(b)) enhancement and conduct a resentencing pursuant to section 1172.75.

---

[1] Undesignated statutory references are to the Penal Code.

## PROCEDURAL BACKGROUND

A jury convicted appellant of active participation in a criminal street gang (§ 186.22, subd. (a); count 1), assault by force likely to produce great bodily injury (§ 245, subd. (a)(4); count 2), and conspiracy to commit assault by force likely to produce great bodily injury (§ 182, subd. (a)(1); count 3). The jury also found true two criminal street gang allegations. (§ 186.22, subd. (b)(1).) In a bifurcated proceeding, appellant admitted five strike priors (§ 667, subd. (e)(2)), a serious felony prior (*id.*, subd. (a)(1)), and two prior prison commitments (§ 667.5(b)). In 2014, the trial court sentenced appellant to prison for 25 years to life plus 10 years. The 10-year determinate portion included a one-year term for a section 667.5(b) prison prior. We affirmed the judgment. (*People v. Madrigal* (Oct. 8, 2015, B254702) [nonpub. opn.]; *People v. Madrigal* (Jan. 12, 2017, B254702) [nonpub. opn.].)

In 2022, the California Department of Corrections and Rehabilitation (CDCR) referred appellant as potentially eligible for resentencing pursuant to Senate Bill 483. (Stats. 2021, ch. 728, § 3.) After appointing counsel, receiving briefing, and hearing argument, the court denied the petition for resentencing on December 15, 2023. The court concluded appellant was ineligible because he was not currently serving a sentence based on a section 667.5(b) enhancement.

## DISCUSSION

Appellant contends the trial court erred in concluding he was ineligible for resentencing under section 1172.75. The People agree, as do we.

With limited exception not relevant here, section 1172.75, subdivision (a) invalidated sentence enhancements pursuant to section 667.5(b) if imposed prior to January 1, 2020. (§ 1172.75,

subd. (a).)  Upon receiving a referral from CDCR, "[i]f the court determines that *the current judgment* includes an enhancement described in subdivision (a), the court shall recall and resentence the defendant."  (*Id.*, subd. (c), italics added.)

The trial court reasoned that because the determinate portion of a sentence is served before the indeterminate term, appellant was not currently serving a sentence based on a section 667.5(b) enhancement.  Thus, the court found appellant ineligible.  However, the plain language of section 1172.75, subdivision (c) does not require a defendant to be currently serving a sentence based on a section 667.5(b) enhancement.  Instead, the statute prescribes recall and resentencing whenever the defendant's current *judgment* includes such an enhancement.  (§ 1172.75, subd. (c).)  Here, the current judgment includes a section 667.5(b) enhancement.  Appellant, therefore, is entitled to resentencing.

To the extent appellant invites us to define the scope of the resentencing as to particular legislation, we decline to do so.  The trial court's broad discretion in resentencing could obviate any need for further adjudication.  (§ 1172.75, subd. (d)(3) [allowing court to consider postconviction factors including whether "circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice"].)  An attempt to assess the legality of a resentencing that has not occurred would constitute an advisory opinion, which we will not issue.  (*People v. Slayton* (2001) 26 Cal.4th 1076, 1084 ["As a general rule, we do not issue advisory opinions indicating "'what the law would be upon a hypothetical state of facts'""].)

DISPOSITION

The order denying appellant's petition for resentencing is reversed and the case is remanded with direction for the trial

3

court to strike the section 667.5(b) enhancement and conduct a resentencing pursuant to section 1172.75.

NOT TO BE PUBLISHED.


CODY, J.


We concur:


GILBERT, P. J.


YEGAN, J.

David R. Worley, Judge
Superior Court County of Ventura
_____

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael C. Keller, Deputy Attorney General, and Charles S. Lee, Deputy Attorney General, for Plaintiff and Respondent.