Filed 5/13/25  P. v. Darling CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT ERIN DARLING,<br><br>    Defendant and Appellant. | G063794<br><br>(Super. Ct. No. 01WF1019)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Dismissed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Daniel Rogers, Deputy Attorney General, for Plaintiff and Respondent.

Robert Erin Darling appeals after the trial court found it lacked jurisdiction to rule on his petition for recall and resentencing under Penal Code[1] section 1172.75. Because the court declined to act on the petition—rather than deny the petition—there is no final order to appeal from. We dismiss this appeal.

PROCEDURAL HISTORY

In 2003, a jury convicted Darling of multiple felony offenses and found true multiple enhancements. The trial court also found true two sentencing enhancements under former section 667.5, subdivision (b) (prison prior enhancements). The court initially sentenced Darling to 150 years to life in prison and struck the prison prior enhancements for sentencing purposes. We remanded Darling's case for resentencing twice following two separate appeals. (*People v. Darling* (July 20, 2005, G032321) [nonpub. opn.]; *People v. Darling* (April 30, 2007, G036752) [nonpub. opn.].) The court most recently resentenced Darling to 62 years to life in prison and, again, struck the prison prior enhancements for sentencing purposes. The true findings for both prison prior enhancements have remained a part of Darling's judgment since the initial sentencing.

On December 21, 2023, Darling petitioned the trial court for resentencing under sections 1172.7 and 1172.75, even though at that time his name did not appear on the Senate Bill No. 483 (2021–2022 Reg. Sess.) list provided by the state Department of Corrections and Rehabilitation (DCR). Darling alleged he was eligible for resentencing regardless of whether the prison prior enhancements punishments were executed. The court deemed Darling ineligible for resentencing because his name was not on the DCR list.

---

[1] All further statutory references are to the Penal Code.

Rather than deny the petition, the court took no action on it and concluded it lacked jurisdiction. Darling appealed.

In his opening appellate brief, Darling asserted he is eligible for resentencing because his judgment contains true findings for the prison prior enhancements. The respondent's brief did not address whether prison prior enhancements that were stricken for sentencing purposes require resentencing. Rather, he asserted the trial court correctly concluded it lacked jurisdiction to grant Darling's resentencing petition because his name was not on the DCR list. The Attorney General argued in the alternative that, should we find there is jurisdiction, "the appropriate remedy is to remand the matter to the trial court to decide the petition for recall and resentencing in the first instance."

We later invited supplemental briefing addressing whether the Secretary of the DCR had since placed Darling's name on the list. The Attorney General informed us Darling was subsequently placed on the list on December 28, 2023, and the Attorney General withdrew his jurisdictional argument.

DISCUSSION

A defendant may appeal from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) There is no appealable order for us to review because the trial court never ruled on Darling's petition below. Rather, the court declined to act on the petition because the court stated it lacked jurisdiction. We decline to review an issue not properly before us, and we render no opinion on this issue.[2] (*People v.*

[2] We note that Darling also requests we order the trial court to consider striking his strike priors under the "Three Strikes" law for sentencing purposes in light of recent legislative amendments to section 1385

3

*Slayton* (2001) 26 Cal.4th 1076, 1084 [reviewing courts do not generally "'adjudicate hypothetical claims or render purely advisory opinions'"].) We must dismiss this appeal so Darling may seek resentencing under section 1172.75 in the court below because the court now has jurisdiction.

We trust the trial court will properly adjudicate the petition to comport with section 1172.75. (*People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987; *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189.)

DISPOSITION

The appeal is dismissed.


O'LEARY, P. J.

WE CONCUR:


MOTOIKE, J.


SCOTT, J.

---

and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. We decline to make such a ruling. Again, the trial court must decide these resentencing issues in the first instance before we may properly review its ruling. We dismiss Darling's appeal in its entirety.