Filed 9/17/24  P. v. Smith CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHARLES MICHAEL SHALAU SMITH,<br><br>Defendant and Appellant. | F086360<br><br>(Super. Ct. No. F16901823)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from an order of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Matthew J. Watts, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Kelly E. LeBel, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Peña, Acting P. J., Meehan, J. and Snauffer, J.

# INTRODUCTION

In 2017, defendant Charlie Michael Smith[1] pleaded no contest to attempted murder (Pen. Code, §§ 187, 664; count 1) and possession of a weapon while incarcerated (§ 4502; count 2). (Undesignated statutory references are to the Penal Code.) He also admitted a prior serious felony enhancement allegation (§ 667, subd. (a)), a strike prior allegation (§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and two prison prior allegations (§ 667.5, former subd. (b)). Pursuant to the stipulated plea agreement, defendant was sentenced to a term of 26 years, which consisted of an upper term of 18 years on count 1 (the upper term doubled based upon the strike prior), two years (one-third the midterm) for count 2, plus five years for the prior serious felony enhancement (§ 667, subd. (a)), and one year for one of the section 667.5, former subdivision (b) prison prior enhancements.

In 2022, the California Department of Corrections and Rehabilitation identified defendant as an individual potentially eligible for resentencing pursuant to Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483). The trial court indicated it did not believe defendant was entitled to a full resentencing in light of the plea agreement, but it struck the prison prior enhancement and resentenced defendant to a term of 25 years.

On appeal, defendant asserts the court erred in failing to conduct a full resentencing; accordingly, the matter must be remanded and any further reduction of his sentence on resentencing shall not be a basis for the People or the court to withdraw from the plea agreement. The People agree that defendant is entitled to a full resentencing, but they contend if, upon remand, the court alters the parties' plea agreement by further reducing defendant's sentence beyond striking the prior prison term enhancement, they

---

[1]The court corrected the record in May 2023 to show defendant's true name to be Charles Michael Shalau Smith.

have the option to withdraw from the plea agreement pursuant to *People v. Stamps* (2020) 9 Cal.5th 685.

We vacate the court's order and remand for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL HISTORY**

*Charges, Verdict, and Original Sentence*

In March 2016, defendant was charged with committing attempted premeditated murder of Andrew Bratton (§§ 187, 664; count 1) and possession of a weapon while incarcerated (§ 4502; count 2). It was also alleged defendant suffered a prior serious felony conviction within the meaning of section 667, subdivision (a) that also qualified as a strike prior based on a 2007 burglary conviction (§§ 211, 212.5, subd. (a)), a prior violent felony conviction (§ 667.5, subd. (a)), and that he served two prior prison terms that qualified as prior prison term enhancements under section 667.5, former subdivision (b).

On March 9, 2017, in accordance with a stipulated plea agreement, defendant pleaded no contest to attempted murder (§§ 187, 664; count 1) and possession of a weapon while incarcerated (§ 4502; count 2), admitted the prior serious felony and strike prior enhancements (§§ 667, subd. (a), 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and admitted both prison prior allegations (§ 667.5, former subd. (b)).[2] He was sentenced to a term of 26 years. The sentence was composed of an upper term of 18 years on count 1 (the upper term doubled based upon the strike prior), two years (one-third the midterm) for count 2, plus five years for the prior serious felony enhancement (§ 667, subd. (a)),

---

[2]Pursuant to the plea agreement, the People struck the allegation the attempted murder was willful, deliberate, and premeditated and the prior violent felony allegation (§ 667.5, subd. (a)).

3.

and one year for one of the section 667.5, former subdivision (b) prison prior enhancements.[3]

### Resentencing Proceedings

After the passage of Senate Bill 483, the California Department of Corrections and Rehabilitation (CDCR) identified defendant as an individual potentially eligible for resentencing. In August 2022, the court held a hearing at which it appointed defendant counsel. Before the next hearing, defendant filed a brief arguing the court should find individuals, including defendant, who were sentenced pursuant to a stipulated plea agreement are eligible for full resentencing under section 1172.75. The People also filed a brief in which they asserted defendant is entitled to have his prison prior enhancement stricken because it is now invalid, but the court was without discretion to conduct a full resentencing hearing.

On May 24, 2023, the court held a hearing during which the People again agreed defendant was eligible to have his prison prior enhancement stricken, but they asserted defendant was not entitled to any other relief because the matter was a stipulated plea and sentence. Defense counsel argued, once the court recalled the sentence and struck the prison prior enhancement, defendant should be entitled to a full resentencing despite the fact he was originally sentenced pursuant to a stipulated plea agreement.

The court denied that a full resentencing was appropriate in light of the stipulated plea agreement. It explained it did not believe "that a stipulated plea should be reversed in the sense that taken apart, picked because that was something that the parties agreed on, except to remove that which is no longer a valid prior. To the extent that [defendant] has one prison prior that is invalid by current law, other than that, this Court does not believe that any further modifications is [*sic*] appropriate. The Court does not believe a

---

[3]The prior conviction forming the basis for the second prison prior enhancement pursuant to section 667.5, former subdivision (b) was reduced to a misdemeanor pursuant to Proposition 47 and the related enhancement was dismissed.

stipulated plea agreement should be set aside merely because the defense now wants to get resentencing. It is not as clear as the defense believes the legislation says. I understand the desire is to reduce the sentence by removing the prison prior and a full resentencing when appropriate. This is not one of those cases, so the Court is not inclined to do that."

The court struck the section 667.5, former subdivision (b) prison prior enhancement and otherwise reinstated the terms of the original sentence for a total term of 25 years.

## DISCUSSION

Defendant appeals from the court's order, asserting the court erred in failing to conduct a full resentencing. The People agree, but they contend if the court reduces defendant's sentence further, the People should have the option to withdraw from the plea agreement.

## I.      Standard of Review

""""When we interpret a statute, '[o]ur fundamental task … is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. … If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' [Citation.] 'Furthermore, we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose.'"""" (*People v. Reynoza* (2024) 15 Cal.5th 982, 989–990.) "'An uncodified section is part of the statutory law. [Citation.] "In considering the purpose of legislation, statements of the intent of the enacting body

contained in a preamble, while not conclusive, are entitled to consideration. [Citations.] Although such statements in an uncodified section do not confer power, determine rights, or enlarge the scope of a measure, they properly may be utilized as an aid in construing a statute.”’” (*Doe v. Superior Court* (2023) 15 Cal.5th 40, 69.)

## II.    Applicable Law

### A.    Passage of Senate Bill 483 and Enactment of Section 1172.75

In October of 2021, the Governor approved Senate Bill 483, effective on January 1, 2022, which added section 1171.1 to the Penal Code, subsequently renumbered as section 1172.75. This section declares: “Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.” (§ 1172.75, subd. (a).) The uncodified portion of Senate Bill 483 states, in part, “It is the intent of the Legislature that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement.” (Stats. 2021, ch. 728, § 1.)

Section 1172.75 establishes a mechanism to provide affected defendants an avenue for relief from now invalid prison prior enhancements. Subdivision (b) directs the Secretary of the CDCR and the correctional administrator of each county to “identify those persons in their custody currently serving a term for a judgment” that includes a now legally invalid prior prison term enhancement, and to provide the names of such persons, their dates of birth, and the relevant case numbers or docket numbers to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) After the court receives from the CDCR and county correctional administrator the information included in subdivision (b) of section 1172.75, “the court shall review the judgment and verify that

6.

the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Section 1172.75 provides, when resentencing a defendant, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

## B. Senate Bill 483's Effect on Stipulated Plea Agreements

When a plea of guilty or nolo contendere "is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea." (§ 1192.5, subd. (b).) However, "entering into a plea agreement does not insulate the parties 'from changes in the law that *the Legislature has intended to apply to them*.'" (*Harris v. Superior Court* (2016) 1 Cal.5th 984, 991.)

In *Harris*, the California Supreme Court held the People are not entitled to set aside a plea agreement when a defendant seeks to have his sentence recalled under Proposition 47. (*Harris v. Superior Court*, *supra*, 1 Cal.5th at p. 993.) In reaching its conclusion, *Harris* noted the electorate, in passing Proposition 47, which reduced certain felonies to misdemeanors, expressly stated section 1170.18 governs someone "'serving a sentence for a conviction, *whether by trial or plea*,'" of one of the affected felonies.

7.

(*Harris*, at p. 991.) *Harris* concluded "[t]he italicized language makes it clear that the provision applies to someone like defendant who was convicted by plea." (*Ibid*.) That is, "[b]y expressly mentioning convictions by plea, Proposition 47 contemplated relief to all eligible defendants." (*Ibid*.) The *Harris* court further concluded, "[t]he resentencing process that Proposition 47 established would often prove meaningless if the prosecution could respond to a successful resentencing petition by withdrawing from an underlying plea agreement and reinstating the original charges filed against the petitioner." (*Id*. at p. 992.) And permitting the People to withdraw from the plea agreement would be "at odds with" one of Proposition 47's primary purposes "to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative." (*Ibid*.) Thus, *Harris* held the "unambiguous language of section 1170.18 and the expressed intent of Proposition 47" established the People could not withdraw from a stipulated plea agreement based upon changes to it resulting from Proposition 47. (1 Cal.5th at p. 992.)

In contrast, in *People v. Stamps*, *supra*, 9 Cal.5th 685, the defendant entered into a plea agreement for a specified term that included a prior serious felony enhancement (§ 667, subd. (a)). (*Stamps*, at p. 693.) While his appeal was pending, a new law— Senate Bill No. 1393 (2017–2018 Reg. Sess.)—went into effect permitting the trial court discretion to strike a serious felony enhancement in furtherance of justice (§ 1385, subd. (a)), which it was not previously authorized to do. (9 Cal.5th at p. 693.) The California Supreme Court held the new law applied to the defendant retroactively, and the matter needed to be remanded to the trial court. (*Id*. at pp. 692, 699.) However, unlike in *Harris*, the *Stamps* court rejected the defendant's contention that the court was authorized to exercise its discretion to strike the enhancement but otherwise maintain the plea bargain. (*Id*. at p. 701.) In so holding, the *Stamps* court reasoned, "[t]he Legislature may have intended to modify the sentencing scheme, but the legislative history does *not* demonstrate any intent to overturn existing law regarding a court's lack of authority to

8.

unilaterally modify a plea agreement. Indeed, none of the legislative history materials mention plea agreements *at all*. What legislative intent can be discerned runs counter to defendant's position." (*Id*. at p. 702.) Thus, "[n]othing in the language and legislative history of Senate Bill 1393 suggests an intent to modify section 1192.5's mandate that 'the court may not proceed as to the plea other than as specified in the plea' without the consent of the parties." (*Id*. at p. 704.) "That Senate Bill 1393 is silent regarding pleas and provides no express mechanism for relief undercuts any suggestion that the Legislature intended to create special rules for plea cases involving serious felony enhancements." (*Ibid*.) Accordingly, the *Stamps* court held the defendant on remand could seek the court's exercise of discretion under the amended law, but if the court chooses to strike the enhancement, its decision could have consequences to the plea agreement. (See *Stamps*, at pp. 705–708.)

There is currently a split of authority regarding whether the People may withdraw from a plea agreement if the trial court exercises its discretion to further reduce a defendant's sentence beyond striking now invalid prior prison term enhancements at a section 1172.75 resentencing. In *People v. Coddington* (2023) 96 Cal.App.5th 562, the trial court granted the defendant's request to strike his prior prison term enhancement under section 1172.75 after he was convicted pursuant to a plea agreement. (*Coddington*, at pp. 565, 567.) On appeal, the First District Court of Appeal, Division One, held under section 1172.75 and the full resentencing rule, the defendant was entitled to a remand and to seek further reductions of his prison term under recent legislation affecting other aspects of his conviction. (96 Cal.App.5th at pp. 568–569.) The court also held, although the defendant could seek additional sentencing relief on remand, if the trial court exercised its discretion to further reduce his sentence, the prosecution could withdraw its assent to the plea agreement. (*Id*. at pp. 565, 569, 572.) In so holding, *Coddington* determined that "[a]lthough the Legislature clearly intended that the striking of a sentencing enhancement for a prior prison term would not provide a basis for

9.

rescinding a plea agreement, this intent cannot be understood to govern other possible sentence reductions merely because they happen to occur during the same resentencing." (*Id*. at p. 565.) *Coddington* concluded the statute's intent to eliminate disparity of sentences and to promote uniformity of sentencing would be thwarted if prosecutors could not withdraw assent to a plea bargain for other changes reducing sentences that were part of a plea bargain. (*Id*. at p. 571.) It held, "[u]nder such an interpretation, prosecutors would have no *Stamps* remedy when a defendant is being resentenced, even though they would retain such a remedy for defendants being sentenced prospectively." (*Ibid*.) It further reasoned Senate Bill 483 was not "meant to overrule *Stamps* for all sentence reductions that are granted in connection with a request to eliminate prison priors." (*Ibid.*)

In *People v. Carter* (2023) 97 Cal.App.5th 960, the Fourth District Court of Appeal, Division One, also held the trial court erred in only striking the invalid prison prior enhancement and failing to conduct a full resentencing pursuant to section 1172.75, though the defendant was originally sentenced pursuant to a plea agreement that included a stipulated sentence of 12 years. (*Carter*, at pp. 964, 972.) However, disagreeing with *Coddington* and distinguishing *Stamps*, *Carter* further held the People were "not entitled to withdraw their assent to the plea bargain if the trial court further reduced [the defendant's] sentence on resentencing." (*Carter*, at p. 964; see *id.* at pp. 973–976.)

The *Carter* court concluded, like in *Harris*, the statement of intent in the uncodified portion of Senate Bill 483 "expressly mentions plea agreements and prohibits both the court and the prosecution from rescinding the plea agreement based on *any* change to the sentence resulting from the law." (*People v. Carter*, *supra*, 97 Cal.App.5th at p. 974.) It held, "[t]he all-inclusive phrase 'any changes to a sentence as a result of the act' [Stats. 2021, ch. 728, § 1] can only be understood to include changes resulting from the law's resentencing provision, which provides for full resentencing and states that it 'shall result in a lesser sentence' unless it would endanger public safety and 'shall not

result in a longer sentence than the one originally imposed.' (§ 1172.75, subd. (d)(1).)" (*Id*. at p. 973.) *Carter* reasoned, "[t]he statement of legislative intent in Senate Bill 483 does not differentiate between a sentence reduced by removal of the prison-prior enhancement and a sentence reduced due to other resentencing decisions made by the trial court. Instead, it broadly refers to 'any changes' to the sentence resulting under the new law and then states that those changes do not give the prosecution a right to withdraw from a plea agreement. (Stats. 2021, ch. 728, § 1.)." (*Ibid*.) Accordingly, "the Legislature's clear directive is that *any* reduction of the defendant's sentence on resentencing shall not be a basis for the prosecutor or the court to withdraw from a plea agreement." (*Ibid*.)

*Carter* further concluded the legislative history of Senate Bill 483 was consistent with its interpretation of the Legislature's intent. (*People v. Carter*, *supra*, 97 Cal.App.5th at p. 974.) It referenced the Assembly Committee on Public Safety's analysis of Senate Bill 483 that included a section titled "Effect on Guilty Pleas" in which it stated the "'legislative intent [is] that its provision for retroactive application *and resentencing* applies to guilty plea cases. *This would include those in which there may have been a negotiated disposition*.'" (*Carter*, at p. 974; see Assem. Com. on Public Safety, Rep. on Sen. Bill No. 483 (2021-2022 Reg. Sess.) as amended July 7, 2021, at p. 4.) *Carter* further explained:

> "The report went on to quote the Supreme Court's holding in *Doe v. Harris* (2013) 57 Cal.4th 64, 66, 71, 73 that '"plea agreements are deemed to incorporate the reserve power of the state to amend the law"'; the fact that '"parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them"'; and it therefore follows '"that requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement."' (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 483 (2021-2022 Reg. Sess.) as amended July 7, 2021, p. 4.) The committee's report also confirmed the 'Legislative intent that any changes to a sentence as a result of these provisions is not a basis for a prosecutor or [a] court to rescind a plea agreement.' (*Id*. at p. 2.) Like the

11.

uncodified statement, this language did not distinguish between the removal of prison priors and other potential sentence reductions.

"Several other legislative committee reports on Senate Bill 483 also noted the Legislature's intent to prohibit recission of a plea agreement based on *any* change in sentence resulting from the law. (See Sen. 3d reading on Sen. Bill No. 483 (2021-2022 Reg. Sess.) as amended Sept. 1, 2021, p. 2 [the bill '[s]tates Legislative intent that any changes to a sentence as a result of these provisions is not a basis for a prosecutor or [a] court to rescind a plea agreement.']; Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Sen. Bill No. 483 (2021-2022 Reg. Sess.) as amended Sept. 1, 2021, p. 4 [same].)" (*People v. Carter*, *supra*, 97 Cal.App.5th at pp. 974–975.)

*Carter* noted that *Coddington* did not mention these legislative history reports but instead cited to the Legislative Counsel's Digest for Senate Bill 483 as stating "'that the legislation would declare prison priors "to be legally invalid" and would state the intent of the Legislature to prohibit the rescission of a plea agreement *based on eliminating them*.' (*People v. Coddington*, *supra*, 96 Cal.App.5th at pp. 571–572, italics added.)" (*People v. Carter*, *supra*, 97 Cal.App.5th at p. 975.) *Carter* explained, however, "the actual language of the Legislative Counsel's Digest is broader." (*Ibid*.) It provides, consistent with the uncodified statement of intent and legislative committee reports, "'The bill would state the intent of the Legislature to prohibit a prosecutor or court from rescinding a plea agreement based on a change in sentence as a result of this measure.' (Legis. Counsel's Dig., Sen. Bill 483 (2021–2022 Reg. Sess.); Stats. 2021, ch. 728.)" (*Carter*, at p. 975.) *Carter* also disagreed with *Coddington* that its holding would "overrule" *Stamps*, reasoning the statute at issue, section 1172.75, is distinct from that which was at issue in *Stamps*. (*Carter*, *supra*, at p. 976.)

Multiple courts addressing the issue have since agreed with *Carter* that the Legislature intended to preclude a prosecutor from rescinding a plea agreement due to any sentence reduction at a section 1172.75 hearing, and the California Supreme Court recently granted review to address the issue. (See *People v. Montgomery* (2024) 100 Cal.App.5th 768, 775 [Ct. App., First Dist., Div. Three], review granted May 29, 2024,

S284662; accord, *People v. Hernandez* (2024) 103 Cal.App.5th 981, 986 [Ct. App., Fourth Dist., Div. Three], petn. for review pending, petn. filed Aug. 22, 2024.)

**III, Analysis**

Defendant asserts the court erred in refusing to conduct a full resentencing. He contends there have been changes in the law that could apply and reduce his sentence further, including the passage of Senate Bill Nos. 81, 567, and 1393. Accordingly, he contends the matter must be remanded for the court to conduct a full resentencing and, for the reasons stated in *Carter* and *Montgomery*, any additional reduction of the sentence on resentencing shall not be a basis for the People or the court to withdraw from the plea agreement. The People agree that "[a] prisoner whose sentence includes a now invalid section 667.5 prior prison term enhancement is entitled to resentencing relief, whether he or she was convicted by a jury or plea" and "to a full resentencing, and … 'not merely that the trial court strike the newly "invalid" enhancements.'" They contend, "[i]f there are other ameliorative changes in the law that may further reduce [defendant]'s sentence, this Court should permit the prosecution to withdraw its assent to the plea agreement."

Initially, we agree with the parties that remand is required for the court to conduct a full resentencing. As the parties acknowledge, on its face, section 1172.75 requires a full resentencing for prisoners whose sentences include a now invalid section 667.5 prior prison term enhancement, and the statute draws no distinction between individuals convicted by jury or plea. (See § 1172.75, subd. (d)(2) [requiring trial court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing"]; see also *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements"].) And, because the trial court was not aware of the scope of its discretionary powers, and the record does not

13.

clearly indicate the court would have reached the same conclusion had it been aware of its discretion, a remand for resentencing is appropriate. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 ["'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, … the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion'"].)

With regard to the parties contentions regarding whether the People should be able to withdraw from the plea agreement if defendant's sentence is further reduced on remand, we note, "[a]s a general rule, we do not issue advisory opinions indicating "'what the law would be upon a hypothetical state of facts."'" (*People v. Slayton* (2001) 26 Cal.4th 1076, 1084.) And any opinion as to whether the People may withdraw from the plea agreement at this juncture would be purely advisory as it is conditioned upon whether the trial court hypothetically further reduces defendant's sentence on remand. (See *People v. Chadd* (1981) 28 Cal.3d 739, 746 ["We will not … adjudicate hypothetical claims or render purely advisory opinions"].) Accordingly, we decline to address the parties' contentions on this issue. We further note, as discussed, the high court is poised to resolve this issue in *People v. Montgomery*, *supra*, 100 Cal.App.5th 768, review granted.

### DISPOSITION

The court's May 24, 2023, order is vacated and the matter is remanded for a new resentencing hearing that complies with section 1172.75.