Filed 8/27/25  P. v. Youell CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | B339218 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA109185) |
| v. | |
| EARL ANTHONY YOUELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector Gutierrez, Judge.  Vacated and Remanded.

Keilana Truong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General of California, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield,

Supervising Deputy Attorney General, Christopher G. Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

In 2010, Earl Youell (appellant) pleaded no contest to attempted murder and admitted a prior strike conviction, a gang enhancement under Penal Code section 186.22, and a prior prison term enhancement.[1]  The trial court sentenced appellant to 25 years in prison.  In 2024, the trial court recalled the sentence, struck the one-year prior prison term enhancement under section 1172.75, and resentenced appellant to 24 years in prison.  The trial court declined to strike the gang enhancement, finding that Assembly Bill No. 333 (2021–2022 Reg. Sess.) (AB 333), which modified section 186.22, did not apply retroactively.  The Attorney General concedes that this was error, and we agree.  Accordingly, the sentence is vacated, and the case is remanded for a new resentencing hearing.  The judgment is affirmed in all other respects.

### FACTS AND PROCEDURAL BACKGROUND

In 2010, appellant pleaded no contest to attempted murder (§§ 187, subd. (a), 664).  Appellant also admitted a prior strike conviction (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)), a gang enhancement (§ 186.22, subd. (b)(1)(C)), and a prior prison term enhancement (former § 667.5, subd. (b).)  He was sentenced to 25 years in prison.

---

[1] Undesignated statutory references are to the Penal Code.

Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) added former section 1171.1 (now section 1172.75),[2] which renders "legally invalid" any former section 667.5, subdivision (b) prior prison term enhancement imposed before January 1, 2020, except for an enhancement imposed for a sexually violent offense. (§ 1172.75, subd. (a).) Section 1172.75 also sets forth resentencing procedures for individuals serving sentences that include a now-invalid prior prison term enhancement. (§ 1172.75, subds. (b)–(e).) Accordingly, on July 8, 2024, the trial court recalled the sentence, struck the one-year prior prison term enhancement, and resentenced appellant to 24 years in prison.

Prior to the resentencing hearing, the Legislature enacted AB 333, which amended section 186.22 to impose new substantive and procedural requirements for gang allegations and the substantive offense of gang participation. (See *People v. E.H.* (2022) 75 Cal.App.5th 467, 477–478.) Appellant requested that the trial court strike the gang enhancement under this new authority. The trial court denied the request, finding that "AB 333 is not retroactive as to cases that are already final." However, the trial court noted that the California Supreme Court would be addressing this issue in a pending appeal.

Appellant timely appealed.

---

[2] Effective June 30, 2022, section 1171.1 was renumbered section 1172.75, with no substantive changes. (Stats. 2022, ch. 58, § 12; *People v. Burgess* (2022) 86 Cal.App.5th 375, 378, fn. 2.) We refer to the section by its new numbering.

## DISCUSSION

In criminal cases, we presume that ameliorative legislation applies as broadly as constitutionally possible to all non-final cases. (*In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*).) For purposes of *Estrada*, the test for finality is "whether the criminal prosecution or proceeding as a whole is complete." (*People v. Esquivel* (2021) 11 Cal.5th 671, 679.)

After appellant's resentencing hearing, the California Supreme Court decided *People v. Lopez* (2025) 17 Cal.5th 388 (*Lopez*). The Court held that a criminal case is final for purposes of *Estrada* only when "reduced to a singular, final judgment following the conclusion of the entire criminal case or prosecution." (*Id*. at p. 392.) "Thus, a criminal case in which the sentence is not yet final, including one in which an appellate court has affirmed the conviction and remanded for reconsideration of sentencing-related issues, is not final for purposes of *Estrada*, and the benefits of supervening ameliorative legislation apply retroactively." (*Id*. at pp. 392–393.) Accordingly, the Court held that a defendant is entitled to retroactive application of AB 333 where an appellate court affirms the underlying conviction but the defendant is resentenced. (*Id*. at p. 394.)

In light of *Lopez*, the Attorney General concedes, and we agree, that appellant's sentence should be vacated, and the case should be remanded for a new resentencing hearing. On remand, the trial court shall consider whether to strike the gang enhancement pursuant to AB 333.

Appellant argues that the People may not withdraw from the plea agreement if the court strikes the gang enhancement. That issue is not ripe. As the California Supreme Court has

noted, we do not issue advisory opinions indicating what the law would be based upon a hypothetical set of facts. (*People v. Slayton* (2001) 26 Cal.4th 1076, 1084.)

## DISPOSITION

The sentence is vacated, and the case is remanded for a new resentencing hearing. On remand, the trial court shall consider whether to strike the gang enhancement pursuant to AB 333 and, if so, whether the People may withdraw from the plea agreement. The judgment is affirmed in all other respects.

GOORVITCH, J.[*]

We concur:

CHAVEZ, Acting P. J.

RICHARDSON, J.

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.