Filed 4/13/26  P. v. Rashidi CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL RASHIDI,<br><br>    Defendant and Appellant. | 2d Crim. No. B345903<br>(Super. Ct. No. 24CJPC00927)<br>(Los Angeles County) |

Michael Rashidi appeals after the trial court found him to be a disqualified person under Penal Code[1] section 26202, thereby preventing him from possessing a concealed carry weapon (CCW) license.  Following a request for supplemental briefing, the parties stipulated the court's order should be reversed.  We accept the stipulation and will reverse the order.

---

[1] Undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2023, appellant was issued a CCW license. On September 25, 2024, appellant was arrested for domestic violence (§ 273.5, subd. (a)). Pursuant to section 646.91 and Family Code sections 6240-6275, an emergency protective order (EPO) issued that day. The EPO expired on October 2, 2024.

In October 2024, the Los Angeles County Sheriff's Department revoked appellant's CCW license. Appellant requested a hearing to challenge the disqualified person determination. (§ 26206.) At the hearing, based on the EPO, the court found appellant was a disqualified person under section 26202.

DISCUSSION

Effective January 1, 2026, Assembly Bill No. 1078 (2025-2026 Reg. Sess.) amended section 26202, subdivision (a)(3). (Stats.2025, ch. 570, § 8.) The amended statute creates an exception if the court order "expired or was vacated or otherwise canceled *and the applicant did not receive notice and an opportunity to be heard before the order was issued . . . .*" (§ 26202, subd. (a)(3), italics added.) Because the EPO in this case expired and appellant did not receive notice and an opportunity to be heard before it was issued, the EPO does not provide a basis for CCW disqualification under the amended statute.

We may reverse a judgment based on the parties' stipulation in accordance with the requirements of Code of Civil Procedure section 128, subdivision (a)(8). We conclude those requirements are satisfied. Given section 26202's amendment, there "is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal." (Code

Civ. Proc., subd. (a)(8)(A).) Moreover, the "reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (*Id.*, subd. (a)(8)(B).) Public trust is enhanced, not eroded, when current law is expeditiously applied.

"[A]ppellant requests—and respondent does not object—to this Court ordering that the prior revocation and disqualification carry no continuing legal effect for purposes of any future CCW application(s) submitted by appellant."

Endeavoring to define the contours of a future CCW application would constitute an advisory opinion, which we decline to issue. (*People v. Slayton* (2001) 26 Cal.4th 1076, 1084 ["As a general rule, we do not issue advisory opinions indicating "'what the law would be upon a hypothetical state of facts'"'"].)

DISPOSITION

The trial court's order finding appellant to be a disqualified person under section 26202 is reversed.

NOT CERTIFIED FOR PUBLICATION.


CODY, J.


We concur:



YEGAN, Acting P. J.



BALTODANO, J.

3

Kerry L. White, Judge
Superior Court County of Los Angeles

_____

Naljian Law Offices, Raffi G. Naljian for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Brady Baldwin, Kristen J. Inberg, and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.