Filed 4/13/26  P. v. Gomez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESSIE CHRISTOPHER GOMEZ,<br><br>Defendant and Appellant. | F089175<br><br>(Super. Ct. No. BF160130B)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County.  Andrew Kendall, Judge.

Erin J. Radekin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, David A. Lowe and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant and appellant Jessie Christopher Gomez pleaded no contest to voluntary manslaughter, kidnapping, and active participation in a criminal street gang. He also admitted the enhancement allegations that he committed the manslaughter for the benefit of a gang and had a prior prison term. In 2017, Gomez was sentenced pursuant to a plea agreement to a stipulated term of 24 years four months which included the upper term for the manslaughter, sentences for the substantive gang offense and gang enhancement, and one year for the prison prior. In 2025, Gomez was resentenced under Penal Code[1] section 1172.75. The resentencing court struck the now-invalid prison prior but otherwise left the sentence intact.

On appeal, Gomez contends: (1) the changes to section 186.22 from Assembly Bill No. 333 (2021−2022 Reg. Sess.) (Assembly Bill 333) apply retroactively to Gomez's case and require vacatur of the substantive gang offense conviction and gang enhancement; and (2) the trial court's reimposition of the upper term on the manslaughter based on aggravating circumstances that were not tried by a jury violated Gomez's constitutional rights  The Attorney General agrees the substantive gang offense conviction and gang enhancement must be vacated under Assembly Bill 333 but disputes Gomez's claim the court erred by reimposing the upper term.

We conclude the amendments to section 186.22 made by Assembly Bill 333 apply retroactively because Gomez's judgment was not final following recall of his sentence. We therefore reverse Gomez's gang conviction, vacate the gang enhancement, and remand for further proceedings consistent with this opinion. In light of our disposition, we do not address Gomez's claims regarding the trial court's reimposition of the upper term on the manslaughter conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2015, according to the probation officer's report, Gomez participated in the

---

[1] Undesignated statutory references are to the Penal Code.

kidnapping, torture, and murder of Justin Brewer. When Brewer tried to escape his captors, a codefendant bludgeoned Brewer to death with a hammer. Brewer's body was found burnt and dumped near a highway.[2]

On September 23, 2016, the Kern County District Attorney filed an amended information charging Gomez with first degree murder (§§ 187, subd. (a), 189; count 1), kidnapping (§ 207, subd. (a); count 2), and active participation in a criminal street gang (§ 186.22, subd. (a); count 3).[3] The information further alleged Gomez: committed the murder and kidnapping for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)); committed the murder while in the commission of a kidnapping (§ 190.2, subd. (a)(17)(B)); engaged in torture during commission of the murder (§ 190.2, subd. (a)(18)); committed the murder to further the gang's activities (§ 190.2, subd. (a)(22)); and had served a prior prison term (§ 667.5, former subd. (b)). The information was later amended to add count 4 charging Gomez with voluntary manslaughter (§ 192, subd. (a)) with an alleged gang enhancement (§ 186.22, subd. (b)(1)).

In 2016, Gomez entered a plea agreement by which he agreed to plead no contest to counts 2, 3, and 4, and admit the gang enhancement as to count 4. He also admitted he had served a prior prison term. Count 1 and its enhancements were dismissed in exchange for Gomez's plea. The plea agreement reflected Gomez's understanding he must register as a gang offender with local law enforcement (§ 186.30). The parties stipulated to a factual basis for Gomez's plea although the record does not specify the

---

[2]     We dispense with a detailed factual summary because the facts of the underlying offenses are not relevant to the issues raised on appeal.

[3]     The information also charged three codefendants with offenses. We focus only on Gomez as the codefendants are not parties to this appeal.

factual basis for the plea.[4]

On August 17, 2017, the trial court sentenced Gomez pursuant to his plea agreement to the stipulated term of 24 years four months consisting of: on count 4, the upper term of 11 years[5] plus 10 years for the gang enhancement[6] and one year for the prison prior; on count 2, one year eight months (one-third of the middle term);[7] and on count 3, eight months (one-third of the middle term).[8]

On November 6, 2023, the matter came before the trial court for resentencing under section 1172.75. Gomez had been identified as eligible for resentencing on a list provided to the court by the Department of Corrections and Rehabilitation. The court ordered a supplemental probation officer's report. Counsel was appointed to Gomez in January 2024.

In December 2024, Gomez, through counsel, filed a resentencing brief. Gomez detailed evidence showing his rehabilitative efforts during imprisonment including his reclassification to a lower security risk in prison and earning his high school diploma. In addition to striking the prison prior, Gomez requested his sentence be reduced as follows: the low or middle term imposed for the manslaughter, elimination or reduction of the

---

[4] Gomez's appellate counsel requested a reporter's transcript for the entry of plea proceeding that occurred in 2016, but the superior court responded that the stenographic notes were unavailable for transcription.

[5] "Voluntary manslaughter is punishable by imprisonment in the state prison for 3, 6, or 11 years." (§ 193, subd. (a).)

[6] A gang enhancement on a violent felony including voluntary manslaughter (§ 667.5, subd. (c)(1)) is punishable by an additional 10 years. (§ 186.22, subd. (b)(1)(C).)

[7] "Kidnapping is punishable by imprisonment in the state prison for three, five, or eight years." (§ 208, subd. (a).)

[8] Active participation in a criminal street gang when committed as a felony is punishable by imprisonment in the state prison for 16 months, or two or three years. (§ 186.22, subd. (a).)

gang enhancement, and concurrent time for the kidnapping or make the kidnapping the base term. Gomez argued the evidentiary record "could be insufficient" to sustain the gang allegations and enhancement under section 186.22 as amended by Assembly Bill 333. He also argued for imposition of the low term based on section 1170 as amended by Senate Bill No. 567 (2021–2022 Reg. Sess.) and Assembly Bill No. 124 (2021–2022 Reg. Sess.). The prosecution did not file a responsive brief.

On January 10, 2025, the probation officer issued an updated presentence report. The probation officer recommended striking the one-year prison prior but otherwise leaving Gomez's sentence intact.

On January 10, 2025, the trial court held a resentencing hearing. Because the judge who originally sentenced Gomez in 2017 had retired, the hearing was held before a different judge. The court confirmed receipt of Gomez's resentencing brief and the probation officer's updated report. The prosecutor provided the court with a certified copy of Gomez's RAP sheet. The court took judicial notice of its own records in the case. The prosecutor asked the court to sentence Gomez in line with his original plea bargain less the now-invalid prison prior.

The trial court cited section 1172.1, subdivision (a)(3) as authority to modify a sentence in the interest of justice regardless of whether the sentence was imposed after a trial or plea agreement. The court found two mitigating circumstances: (1) Gomez was under 26 years of age at the time of the offenses (Cal. Rules of Court,[9] rule 4.423(b)(6)),[10] and (2) application of an enhancement could result in a sentence over 20 years (rule 4.423(b)(10)). The court found four aggravating circumstances: Gomez's prior convictions as an adult and sustained juvenile delinquency petitions were numerous

---

[9]     Further rule references are to the California Rules of Court.

[10]    Gomez was born on July 3, 1991, and was 23 years old at the time of his offenses in 2015.

(rule 4.421(b)(2)), (2) Gomez had a prior prison term not being used to enhance this case (rule 4.421(b)(3)), (3) Gomez was on misdemeanor probation when the crime was committed (rule 4.421(b)(4)), and (4) his prior performance on probation and parole was unsatisfactory in that Gomez failed to follow terms and reoffended (rule 4.421(b)(5)).[11] The court declined to "exercise its discretion under … [s]ection 1385. [The court w]ill deny the request to strike any enhancements under … [s]ection 1385[, subdivision] (c)(2)(b). The [c]ourt finds that the dismissal of these enhancements would endanger public safety. This is based on the defendant's prior criminal history, and the facts of the current offense, which as stated involved bludgeoning the victim to death with a hammer on May 7th, 2015." The court struck the prison prior but otherwise left Gomez's sentence intact. Gomez was resentenced to an aggregate term of 23 years four months consisting of: the upper term of 11 years for the manslaughter plus 10 years for the gang enhancement; one year eight months for the kidnapping; and eight months for the active gang participation conviction.

Gomez filed a timely notice of appeal.

## DISCUSSION

### I. Resentencing Proceedings Under Section 1172.75

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) Section 667.5, subdivision (b) was amended effective January 1, 2020, to eliminate prior prison term enhancements for all crimes except certain sexually violent offenses. (Stats. 2019, ch. 590, § 1.) Effective January 1, 2022, Senate Bill No. 483 (2021−2022 Reg.

---

[11] The trial court did not cite the rule numbers for the identified mitigating and aggravating circumstances. We include the corresponding rule number for each circumstance cited by the court.

Sess.) added former section 1171.1 to the Penal Code (Stats. 2021, ch. 728, § 3), later renumbered as section 1172.75 (Stats. 2022, ch. 58, § 12), to make this change retroactive.[12]

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing." (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1055; § 1172.75, subds. (a) & (c).) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) A defendant is entitled to a full resentencing under section 1172.75 even when the original sentence was imposed pursuant to a plea agreement. (*People v. Carter* (2023) 97 Cal.App.5th 960, 972.)

"Section 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled." (*People v. Rhodius*, *supra*, 17 Cal.5th at p. 1055.) Resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) The court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the

---

[12] While not relevant to the issues raised on appeal, section 1172.75 was further amended to add subdivision (f), effective January 1, 2025. (Stats. 2024, ch. 979, § 2.)

original sentencing so that continued incarceration is no longer in the interest of justice."
(§ 1172.75, subd. (d)(3).) "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4).) The court must appoint counsel to the defendant. (§ 1172.75, subd. (d)(5).)

## II.     Application of Assembly Bill 333

Enacted in 1988, the California Street Terrorism Enforcement and Prevention Act (§ 186.20 et seq.) created the substantive offense of active participation "in a criminal street gang" (§ 186.22, subd. (a)), and a sentencing enhancement for a felony committed "for the benefit of, at the direction of, or in association with a criminal street gang" (§ 186.22, subd. (b)(1)). (*People v. Valencia* (2021) 11 Cal.5th 818, 828–829.)

Effective January 1, 2022, Assembly Bill 333 made several changes to the criminal street gang laws. "First, it narrowed the definition of a 'criminal street gang' to require that any gang be an 'ongoing, *organized* association or group of three or more persons.' (§ 186.22, subd. (f), italics added.) Second, whereas section 186.22, former subdivision (f) required only that a gang's members 'individually *or* collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill 333 requires that any such pattern have been '*collectively* engage[d] in' by members of the gang. (§ 186.22, subd. (f), italics added.) Third, Assembly Bill 333 also narrowed the definition of a 'pattern of criminal activity' by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,' as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of

8.

gang activity must be ones other than the currently charged offense. (§ 186.22, subd. (e)(1), (2).) Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.' (§ 186.22, subd. (g).)" (*People v. Tran* (2022) 13 Cal.5th 1169, 1206 (*Tran*).)

"Previously, a defendant who had committed an offense to benefit the reputation of a criminal street gang, but with no other benefit, was subject to the enhancement." (*People v. Sek* (2022) 74 Cal.App.5th 657, 667 (*Sek*).) Amended section 186.22, subdivision (g) now requires the prosecution to show that "the common benefit [to the gang] is more than reputational."[13] (§ 186.22, subd. (g).) Additionally, to prove a pattern of gang activity was collectively engaged in by members of the gang under amended section 186.22, subdivision (f), the prosecution must show "a nexus between the individual predicate offenses and the gang as an organized, collective enterprise." (*People v. Clark* (2024) 15 Cal.5th 743, 749.)

## A. Retroactivity

In Gomez's opening brief, he argues the trial court erred by declining to strike the gang enhancement on count 4 where nothing in the record indicates he admitted at the time of his plea that the manslaughter had more than a reputational benefit to the gang. The Attorney General concedes in their reply brief that Assembly Bill 333 applies retroactively to the gang enhancement and the evidence in the record is insufficient to prove the enhancement under section 186.22 as amended by Assembly Bill 333.

Because the parties initially addressed Assembly Bill 333's application only to the gang enhancement on count 4 in their briefing, we requested supplemental briefing on

---

[13] Section 186.22, subdivision (g) states that "[e]xamples of a common benefit that are more than reputational may include, but are not limited to, financial gain or motivation, retaliation, targeting a perceived or actual gang rival, or intimidation or silencing of a potential current or previous witness or informant."

whether Assembly Bill 333's application extends to the substantive gang offense conviction on count 3. Both parties filed supplemental briefs wherein they agreed Assembly Bill 333 also applies to that conviction. We agree Assembly Bill 333 applies retroactively to both the substantive gang offense conviction and the gang enhancement, and the trial court erred by failing to apply the amended version of section 186.22 to Gomez's case.

Under *Estrada*, ameliorative changes to criminal statutes apply to all cases not final on appeal absent contrary legislative intent. (*In re Estrada* (1965) 63 Cal.2d 740, 744–745.) "The rule in *Estrada* has been applied to statutes governing penalty enhancements, as well as to statutes governing substantive offenses." (*People v. Nasalga* (1996) 12 Cal.4th 784, 792.)

In *Tran*, our Supreme Court held that the changes to the elements of a section 186.22 gang enhancement apply retroactively pursuant to *Estrada*. (*Tran*, *supra*, 13 Cal.5th at pp. 1206–1207.) The court explained that "*Estrada* applies to statutory amendments 'which redefine, to the benefit of defendants, conduct subject to criminal sanctions,' " and " 'Assembly Bill 333 essentially adds new elements to the substantive offense and enhancements in section 186.22.' " (*Tran*, at p. 1207.) The court concluded the changes wrought by Assembly Bill 333 "have the effect of 'increas[ing] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement,' with obvious benefit to defendants." (*Tran*, at p. 1207.) Affected defendants were therefore entitled to the ameliorative effects of Assembly Bill 333.

Subsequent to *Tran*, our Supreme Court concluded that "*Estrada* applies to statutory amendments 'which redefine, to the benefit of defendants, conduct subject to criminal sanctions.' " (*People v. Lopez* (2025) 17 Cal.5th 388, 394–395.) "Assembly Bill 333 added new elements to the substantive offense and enhancements in [section 186.22], and [thus] its substantive changes apply retroactively to all nonfinal cases under *Estrada*." (*Lopez*, at p. 394, citing *Tran*, *supra*, 13 Cal.5th at p. 1207.)

Gomez's sentence was vacated when the trial court recalled his sentence under section 1172.75.  Once Gomez's sentence was vacated, the trial court had jurisdiction to resentence him to a new sentence.  (*People v. Padilla* (2022) 13 Cal.5th 152, 163 ["once a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence"]; *People v. Arias* (2020) 52 Cal.App.5th 213, 219 ["recall of [the defendant's] sentence effectively vacate[s] his original sentence and commitment"].)  Gomez "regained the right to appeal whatever new sentence was imposed," and his judgment became nonfinal for *Estrada* purposes.  (*Padilla*, at pp. 161–162.)

The parties agree, as do we, that Gomez was entitled to the ameliorative effects of Assembly Bill 333 when he was resentenced under section 1172.75.  Gomez's resentencing brief specifically asked the trial court to apply Assembly Bill 333 when resentencing him.  At the resentencing hearing, the court expressed its understanding Gomez was entitled to a full resentencing.  But the court did not discuss if Gomez's substantive gang offense conviction and gang enhancement complied with Assembly Bill 333.  The court made no reference to the additional elements in section 186.22 as amended by Assembly Bill 333.[14]  Because Gomez's case was not final and Assembly Bill 333 applies to his case, the court erred by failing to apply the amended version of section 186.22 to the gang-related charges.

Gomez argues his admissions under the prior version of section 186.22 are legally insufficient and require reversal of the gang conviction and enhancement.  The Attorney General concedes the record is insufficient to satisfy the elements of the gang-related allegations under the current version of section 186.22.  We agree.  At the time Gomez made admissions pursuant to his plea in 2016, the prosecution was not required to prove,

---

[14]     We observe though that at the time of Gomez's resentencing the trial court and the parties did not have the benefit of *Lopez* as it issued shortly after.

and nothing in the record indicates, Gomez admitted the elements of section 186.22 as amended by Assembly 333. Though Gomez agreed to register as a gang offender as part of his plea, no evidence in the record reflects how his offenses were gang-related. There is no reporter's transcript available of the proceeding in 2016 when Gomez entered his plea. The evidentiary record is therefore insufficient to show Gomez's substantive gang offense conviction and gang enhancement comply with Assembly Bill 333.

### B. Remedy

Where the parties diverge is the proper remedy. Gomez initially conceded in his opening and reply briefs that the prosecution must be allowed to try the gang-related allegations if they elect to do so following remand. Gomez, however, takes a different tack in his supplemental brief and argues trial of the substantive gang offense and gang enhancement is not required. He essentially argues a trial on the gang-related charges pursuant to Assembly Bill 333 necessitates the prosecution's withdrawal from the plea agreement. Gomez contends withdrawal from the agreement is not the remedy when the Legislature changes the law regarding gang offenses, as it did here, by enacting Assembly Bill 333. In effect, Gomez requests the gang charges and their related sentences be vacated but the remainder of the plea bargain remain intact.[15] The Attorney General does not request the prosecution be permitted to withdraw from the plea agreement based on the retroactive application of Assembly Bill 333 to Gomez's case. Instead, the Attorney General argues the prosecution must be given an opportunity to try the gang-related charges under the amended version of section 186.22 on remand.

Courts that have applied Assembly Bill 333 retroactively have permitted retrial of the gang charges on remand when the defendant was convicted following a jury trial. (E.g., *People v. Clark*, *supra*, 15 Cal.5th at p. 764; *People v. Cooper* (2023) 14 Cal.5th

---

[15] Gomez does not explain why he advocates a different remedy in his supplemental brief than in his initial briefing.

735, 746–747; *Sek*, *supra*, 74 Cal.App.5th at pp. 669–670.) As one court explained, "[t]he proper remedy for this type of failure of proof —where newly required elements [under amended section 186.22] were 'never tried' to the jury—is to remand and give the People an opportunity to retry the affected charges." (*People v. E.H.* (2022) 75 Cal.App.5th 467, 480.) We see no reason the prosecution should be precluded from establishing the elements of section 186.22 as amended by Assembly Bill 333 because Gomez's sentence resulted from a plea agreement. Case law has recognized the prosecution must have an opportunity to establish an element of an offense subsequently added by statute even if the defendant was convicted pursuant to a plea agreement. In *People v. Eagle* (2016) 246 Cal.App.4th 275, the defendant admitted to transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a)) as part of his plea agreement. (*Eagle*, at p. 278.) At the time of the defendant's plea, Health and Safety Code "section 11379, subdivision (a) provided that any person who 'transports' specified controlled substances including methamphetamine shall be punished by imprisonment. [Citations.] The courts had interpreted the word 'transports' to include transporting controlled substances for personal use." (*Eagle*, at p. 278.) After the defendant's conviction in 2013, the statute was amended "to define 'transports' as meaning to transport for sale." (*Ibid*.; see Health & Saf. Code, § 11379, subd. (c), as amended by Stats. 2013, ch. 504, § 2.) The court of appeal concluded the prosecution must be allowed to establish that the defendant transported methamphetamine for sale per the amended statute: "When a statutory amendment adds an additional element to an offense, the prosecution must be afforded the opportunity to establish the additional element upon remand. [Citation.] Such a retrial is not barred by the double jeopardy clause or ex post facto principles." (*Eagle*, at p. 280, citing *People v. Figueroa* (1993) 20 Cal.App.4th 65, 71–72 & fn. 2.) "Fairness dictates that the prosecution be given the opportunity to establish the additional element on remand" when a conviction based on a plea bargain is vacated due to a statutory amendment adding "an element the prosecution

13.

previously had no reason to prove." (*People v. Lopez* (2020) 57 Cal.App.5th 409, 416.)

We reject Gomez's implied contention that allowing the prosecution to establish the substantive gang offense and gang enhancement under Assembly Bill 333 constitutes a violation of the plea agreement. As Gomez acknowledges, "a plea agreement is ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy…." ' [Citation.] It follows, also as a general rule, that *requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement*, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction. To that extent, then, the terms of the plea agreement can be affected by changes in the law." (*Doe v. Harris* (2013) 57 Cal.4th 64, 73–74, italics added; see § 1016.8, subd. (a)(1) [codifying *Doe*].) Because " '[a] plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound,' " a trial court may not violate the agreement by modifying it. (*People v. Stamps* (2020) 9 Cal.5th 685, 701; § 1192.5, subd. (b).) "Under *Doe*, however, the terms of the plea bargain include future changes in the law. By implementing such changes, the trial court is not altering the terms of the plea bargain." (*People v. Harrell* (2023) 95 Cal.App.5th 161, 168.) Pursuant to *Doe*, Gomez's plea agreement is deemed to incorporate the Legislature's subsequent enactment of Assembly Bill 333, and we agree with the parties that Assembly Bill 333 applies retroactively to Gomez's case. Requiring the "parties' compliance with changes [to section 186.22] made retroactive to [Gomez] does not violate the terms of the plea agreement." (*Doe*, at p. 73.)

For these reasons, the prosecution must be given an opportunity on remand to establish the elements of the substantive gang offense charged on count 3 and the gang enhancement on count 4 pursuant to amended section 186.22. Following any proceeding

14.

to establish those elements or if the prosecution chooses to forego its opportunity to comply with Assembly Bill 333, the trial court must conduct a full resentencing. (*Sek, supra*, 74 Cal.App.5th at pp. 669–670; *People v. Valenzuela* (2019) 7 Cal.5th 415, 425.)

Because the prosecution does not seek to withdraw from the plea agreement, it is premature for this court to address Gomez's arguments the prosecution may not do so. An opinion on whether the prosecution may withdraw from the plea agreement would be purely advisory as it is premised on hypothetical facts. (*People v. Slayton* (2001) 26 Cal.4th 1076, 1084 ["As a general rule, we do not issue advisory opinions indicating ' "what the law would be upon a hypothetical state of facts." ' "].) The trial court may address the issue in the first instance if the prosecution requests to withdraw its assent to the plea agreement after remand. We note though for the benefit of the parties and the trial court that Gomez's resentencing under section 1172.75 remains subject to section 1171, effective January 1, 2025. (Stats. 2024, ch. 964, § 2.) Section 1171 sets forth various procedures applicable to postconviction proceedings pursuant to an ameliorative statute including proceedings under section 1172.75. (§ 1171, subd. (a).) As relevant here, section 1171, subdivision (c)(3) provides that "[a]ny changes to a sentence shall not be a basis for a prosecutor or court to rescind a plea agreement."[16] Section 1171 was further amended effective January 1, 2026 (Stats. 2025, ch. 241, § 25) to provide that "[t]his section does not diminish the ability of the prosecution to oppose

---

[16] Courts of appeal were previously split on whether the prosecution may withdraw from a plea agreement if the trial court grants sentencing relief beyond striking a prison prior in a section 1172.75 proceeding. (Compare *People v. Coddington* (2023) 96 Cal.App.5th 562, 565 [prosecution may withdraw its assent to the plea agreement] with *People v. Carter, supra*, 97 Cal.App.5th at p. 964 [prosecution may not withdraw its assent to the plea agreement].) Our Supreme Court was poised to address the issue by granting review in *People v. Montgomery* (2024) 100 Cal.App.5th 768, review granted December 18, 2024, S284662. The Supreme Court in *Montgomery* subsequently transferred the matter back to the court of appeal to vacate its decision and reconsider the case in light of Assembly Bill No. 2483 (2023–2024 Reg. Sess.), which added section 1171 to the Penal Code.

relief requested in a postconviction proceeding." (§ 1171, subd. (e).) On remand, the trial court must comply with the current version of section 1171 when resentencing Gomez.

We do not address Gomez's claims of error regarding the trial court's reimposition of the upper term on count 4 because the matter is being remanded for further proceedings including a full resentencing. (See *People v. Valenzuela*, *supra*, 7 Cal.5th at p. 425 [a court conducting a full resentencing may revisit its sentencing choices].) Upon resentencing, Gomez may raise his claims regarding how the court should exercise its discretion.

**DISPOSITION**

The trial court's resentencing order issued on January 10, 2025, is vacated. The gang conviction (§ 186.22, subd. (a)) on count 3 is reversed and the true finding on the gang enhancement (§ 186.22, subd. (b)(1)) on count 4 is vacated. The prosecution shall have the opportunity to establish the gang conviction and enhancement under the current version of section 186.22. The matter is remanded for further proceedings consistent with this opinion.

HARRELL, J.

WE CONCUR:


DETJEN, Acting P. J.


PEÑA, J.

16.